Filed 3/17/21  P. v. Hernandez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074760 |
| v. | (Super.Ct.No. BAF1901182) |
| JUSTIN PAUL HERNANDEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Becky Dugan, Judge. Affirmed with directions.

David Zarmi, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

On December 23, 2019, Justin Paul Hernandez pleaded guilty to possession of methamphetamine for sale. (Health and Saf. Code, § 11378.) The court sentenced him to 16 months, doubled to 32 months for a prior strike conviction. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) Hernandez timely appealed the judgment.

On appeal, Hernandez argues the minute order of his sentence does not conform with the trial court's oral pronouncement, and the case should be remanded to permit the trial court to correct the error. Specifically, the minute order states the trial court instructed Hernandez he was prohibited from owning or controlling firearms when it didn't actually do so. The People agree there is a discrepancy between the minute order and the court's oral pronouncement, but argue the error either does not need to be corrected or that if it does we can do so on our own without remanding.

"In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) "Courts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases," may order these clerical errors corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Because there is no dispute that the minute order does not match the court's oral pronouncement, we find remand unnecessary and exercise our independent authority to order the trial court to correct the minute order to conform with the court's oral orders.

DISPOSITION

We direct the trial court to correct the December 23, 2019 sentencing minute order by striking the reference to the firearm prohibition. In all other respects, we affirm the judgment. The trial court shall prepare a corrected minute order and forward a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
J.

We concur:

CODRINGTON
Acting P. J.

RAPHAEL
J.